IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69416-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CURTIS LADON WALKER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

2014 APR 28 AM 9: 26

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

BECKER, J. — When a police officer testified that she used a booking photo to identify the defendant, the defendant moved for a mistrial. We conclude the trial court did not abuse its discretion when it denied the motion. The jury had already heard references to the defendant's criminal history in properly admitted evidence, and the trial court gave a timely limiting instruction.

According to testimony at trial, appellant Curtis Walker and his girl friend Rayna Chesterfield lived together from September to December 2011 despite the existence of a no-contact order. In December 2011, they got into a physical altercation that ended with Walker pushing Chesterfield to the ground. Chesterfield reported the incident, and Seattle Police Officer Shelley San Miguel was dispatched to arrest Walker. Walker was charged with felony violation of a court order, assault in the fourth degree, tampering with a witness, and five counts of misdemeanor violation of a court order.

While in jail, Walker had a number of telephone conversations with Chesterfield that were recorded. The State used excerpts from these recordings at trial to prove the charge of witness tampering. Included in the excerpts were the following comments by Walker which suggested he had previously been in jail:

> [Y]ou're probably gonna tell them more shit to fuck me over even more. You keep saying you care for me, you're helping me, but you, you fuck me every time, baby.
>
> . . . .
>
> . . . I can't believe I am going through this shit again, baby.
>
> . . . .
>
> . . . [Y]ou keep saying stuff to them. It just don't make no sense and then you come and tell me you want to get me out. But you keep saying shit to keep me in this motherfucker longer, every time.
>
> . . . .
>
> . . . [T]he only time I'm booked in here for longer is you. . . .

A jury trial was held in July 2012. During Officer San Miguel's testimony, the prosecutor asked her about how she identified Walker, and she responded that he appeared in a computer program that compiles booking photos from previous contacts:

> Q. . . . [W]as there any other resource that you had to be able to look up this individual?
>
> A. Part of our computer system, we have what's called an RMS system, which has booking photos from previous contacts, so I was able to put his name into the --

Defense counsel objected and moved for a mistrial on the ground that the reference to booking photos constituted propensity evidence, inadmissible under ER 404(b). The trial court sustained the objection and instructed the jury to disregard the partial answer. The court denied the motion for a mistrial,

reasoning that the reference was ambiguous and the limiting instruction was sufficient to eliminate any prejudice. The jury convicted Walker as charged.

Walker appeals. He contends that his convictions must be overturned because the reference to booking photos violated ER 404(b) by inviting the jury to draw the inference that he had a propensity for criminal activity, particularly when combined with the telephone conversations in which he alluded to his prior arrests and time in custody.

Denial of a motion for a mistrial is reviewed under an abuse of discretion standard. State v. Johnson, 124 Wn.2d 57, 76, 873 P.2d 514 (1994). A mistrial is required only when a defendant has been so prejudiced by a trial irregularity that only a new trial can ensure that the defendant will be tried fairly. Johnson, 124 Wn.2d at 76. On appeal, appellate courts determine whether a mistrial should have been granted by considering (1) the seriousness of the trial irregularity, (2) whether the trial irregularity involved cumulative evidence, and (3) whether a proper instruction to disregard cured the prejudice against the defendant. Johnson, 124 Wn.2d at 76.

ER 404(b) is intended to prevent application by jurors of the common assumption "that 'since he did it once, he did it again.'" State v. Bacotgarcia, 59 Wn. App. 815, 822, 801 P.2d 993 (1990), review denied, 116 Wn.2d 1020 (1991). But the testimony in question must be examined against the backdrop of all the evidence and in light of the record as a whole. State v. Escalona, 49 Wn. App. 251, 254, 742 P.2d 190 (1987). A jury is presumed to follow the trial court's

instructions unless there is evidence on the record to the contrary. State v. Kirkman, 159 Wn.2d 918, 928, 155 P.3d 125 (2007).

An illustrative case is Escalona. In Escalona, this court decided that the trial court abused its discretion when it denied the defendant's motion for a mistrial following a single remark by a witness about the defendant's criminal history. Escalona, 49 Wn. App. 251. Escalona had been charged with second degree assault, and the witness testified that Escalona had stabbed someone previously. Escalona, 49 Wn. App. at 252-53. This court ruled that the motion for mistrial should have been granted because the seriousness of the irregularity, combined with the weakness of the State's case and the relevance of the statement, made the trial court's instruction ineffective at curing the prejudice. Escalona, 49 Wn. App. at 256.

In Escalona, but for the remark by the witness, the jury would not have learned that the defendant had previously committed the same type of act for which he was on trial. Officer San Miguel's statement was not as prejudicial because it was duplicative of evidence already properly before the jury and because it referred to prior criminal activity only in a generalized manner. Finally, the evidence supporting Walker's conviction was more substantial than in Escalona.

Officer San Miguel's reference to booking photos was an unfortunate trial irregularity that the prosecutor should have taken steps to prevent. The question is whether the irregularity was serious enough that a new trial is the only way to cure the prejudice. By the time the officer testified, the jury was already aware of

the no-contact order against Walker that he was accused of violating. The jury had also heard the recorded phone calls in which Walker complained to Chesterfield about past incidents in which she was responsible for having him booked into jail. Because the jury was already aware of these details indicating Walker's past encounter with police, Officer San Miguel's statement added little if anything to the information already before the jury.

Walker contends that the prejudice caused by the reference to booking photos was exacerbated by allowing the jury to hear the telephone calls between him and Chesterfield. But he does not assign error to the admission of the telephone calls, nor could he, because the calls were relevant to the tampering charges against him. In response to Walker's concerns, however, the trial court redacted as much of the calls as possible without destroying their evidentiary value. Because the calls were relevant to the charges Walker faced and they did not disclose specific information about Walker's criminal history, they do not add weight to the motion for a mistrial.

Walker relies on State v. Henderson, 100 Wn. App. 794, 998 P.2d 907 (2000), in which a conviction was reversed following a trial in which there was an indirect reference to a booking photo. There, the prosecutor asked whether a photo montage that included the defendant was composed of photos that were already "on hand." Henderson, 100 Wn. App. at 803. The defendant did not object, so no limiting instruction was given by the trial court. Henderson, 100 Wn. App. at 803. But the actual basis for the reversal was prosecutorial misconduct, not testimony by a witness. In closing argument, the prosecutor

5

specifically reinforced that the photo was "on hand," and the prosecutor committed three additional improprieties that prejudiced the defendant. Henderson, 100 Wn. App. at 805.

Unlike in Henderson, the reference to booking photos in Walker's case was not reinforced in closing. The trial court also issued a prompt instruction to disregard the statement, something that was not done in Henderson. Finally, Henderson involved additional prosecutorial misdeeds that are absent from Walker's case.

We conclude any prejudice arising from Officer San Miguel's testimony was not so serious as to justify a new trial. The trial court did not abuse its discretion in denying defendant's motion for mistrial.

Affirmed.

Becker, J.

WE CONCUR:

Cox, J.